AO 10
Rev. 1/2011

# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2010

Report Required by the Ethics
in Government Act of 1978
(5 U.S.C. app. §§ 101-111)

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Matsch, Richard P. | District Court, Denver, CO | 05/6/2011 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| U. S. District Judge - Senior | ☐ Nomination, Date ☐ Initial ☑ Annual ☐ Final 5b. ☐ Amended Report | 01/01/2010 to 12/31/2010 |

| 7. Chambers or Office Address | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations. |
|---|---|
| United States District Court 1823 Stout Street Denver, CO 80257 | Reviewing Officer_____ Date_____ |

***IMPORTANT NOTES:** The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☑ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |
| 2. | |
| 3. | |

**Matsch, Richard P.**

| Name of Person Reporting | Date of Report |
|---|---|
| Matsch, Richard P. | 05/6/2011 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

[✓] NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

[✓] NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS – *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

[✓] NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Matsch, Richard P. | 05/6/2011 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

✓ NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

✓ NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Matsch, Richard P. | 05/6/2011 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Checking Account, Wells Fargo Bank | A | Interest | L | T | | | | | |
| 2. Abbott Lab - common | E | Dividend | | | | | | | |
| 3. IBM - common | B | Dividend | | | | | | | |
| 4. Merck - common | D | Dividend | | | | | | | |
| 5. First Commonwealth Financial Corp. | A | Dividend | | | | | | | |
| 6. 3-M (Minn. Mining & Mfg.) | C | Dividend | | | | | | | |
| 7. Potomac Electric Power (Pepco Holdings) | B | Dividend | | | | | | | |
| 8. Norfolk Southern Corp. | A | Dividend | | | | | | | |
| 9. Hospira, Inc. | | | | | | | | | |
| 10. Bank NY Mellon | D | Dividend | | | | | | | |
| 11. First Clearing Wells Fargo | A | Dividend | | | | | | | |
| 12. First Clearing Wells Fargo | A | Interest | | | | | | | |
| 13. | | | | | | | | | |
| 14. | | | | | | | | | |
| 15. | | | | | | | | | |
| 16. | | | | | | | | | |
| 17. | | | | | | | | | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Part VII. Investments and Trusts

Line 9 - no income received

Lines 11 & 12 - Wachovia Securities accounts transferred to First Clearing - Wells Fargo.

In Part VII, page 4, lines 2-13 Column C was not completed because all of those items of income were from securities that are solely owned by⬛⬛⬛ and I have no knowledge of the value of those securities. ⬛⬛⬛ had an investment portfolio before we were married. By premarital agreement, she has always maintained her own finances with a separate bank account, her own brokerage account, her own financial adviser and her own books and records. The only asset ⬛⬛ owned is our residence.

We file a ⬛⬛ tax return and I understand that raises a presumption of knowledge of the sources of income that is reported. Our return is prepared by an accountant and each of us separately provides him with the necessary information and supporting papers. I am willing to sign the return in reliance on her honesty in reporting.

⬛⬛⬛ has provided me with the identification of her sources of investment income to enable me to comply with the disqualification requirements of 28 U.S.C. Sec. 445. My request to provide the additional information necessary to complete Column C in Part VII, page 4, lines 2-12, was denied based on her observation that granting me access to her financial records would be contrary to our pre-nuptial agreement which we have scrupulously followed during the 50 years of our marriage. I respect her decision.

I requested our tax accountant to prepare separate tax returns. He did so and the additional tax that I would be required to pay in a separate return would be a substantial burden. I believe that I have made a good faith effort to comply with the reporting provisions of the law.

| Name of Person Reporting | Date of Report |
|---|---|
| Matsch, Richard P. | 05/6/2011 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ Richard P. Matsch**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544